IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SABRINA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16cv664-MHT-SRW |
| | ) | |
| JUDGE JOHNNY HARDWICK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Plaintiff Sabrina Hall, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. 2).  It is

ORDERED that the motion is GRANTED.  However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

In the instant lawsuit, plaintiff sues Judge Johnny Hardwick of the Circuit Court of Montgomery County, Alabama.  Judge Hardwick presided over a criminal matter in which, according to plaintiff, non-party Kelvon Lewis pled "no contest" to raping the plaintiff. Plaintiff asserts that Lewis served a sentence of "a couple of months in the county jail[.]"

---

[1] By order entered on August 17, 2016, U.S. District Judge Myron H. Thompson referred this case to the undersigned for action or recommendation on all pretrial matters.  (Doc. 6).

[2] This statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

(Doc. 1 at 1).  As discussed in greater detail below, plaintiff alleges that Judge Hardwick acted unlawfully and unethically in his disposition of that criminal proceeding.  She seeks monetary damages in the amount of $1,000,000.00 from Judge Hardwick for "pain and suffering, emotional and mental anguish, punitive damages, and all that's applicable" because Judge Hardwick "cheated [her] out of the justice [she] deserve[s], and [he] made Kelvon Lewis above the law."  (Doc. 1 at 2).

## I.     Plaintiff's Allegations Regarding Judge Reynolds' Conduct

According to plaintiff's allegations, Judge Hardwick's actions giving rise to plaintiff's claims are as follows:[3]

Judge Hardwick "found" Kelvon Lewis guilty of raping the plaintiff, and the judge sentenced Lewis to a term of 20 years of confinement in prison. After imposing that sentence, Judge Hardwick conferred with Lewis's family.  Judge Hardwick rescinded the original sentence and permitted Lewis to plead "no contest."  Plaintiff asserts that Judge Hardwick and non-party Carrie Shaw, attorney at law, "coerced" the plaintiff "into signing a statement unbeknownst to [her]" in which plaintiff agreed to drop the rape charge against Lewis. Following these events, Lewis served "a couple of months in [a] county jail," and he was released on January 4, 2016.

Immediately upon his release from jail, Lewis began to "taunt and terrorize" the plaintiff.  As an example of Lewis' actions, plaintiff notes that he sent her a Facebook friend request.

---

[3] Plaintiff's allegations of fact are found in the court's record at Doc. 1 at 1.  For purposes of this recommendation, the court accepts plaintiff's allegations of fact as true.

Plaintiff claims that she is entitled to relief on the following grounds: "malfeasance in office, abuse of power, neglect of duty, civil rights violations, canons and rules of court violations, ethics and constitutional violations, as well as victim abuse."

## II.    Standard of Review

"Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016) (citing Mitchell, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056–57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Id.

This court has reviewed plaintiff's complaint in light of the foregoing principles.

## III.    Judicial Immunity

Plaintiff seeks a judgment against the defendant for monetary damages. (Doc. 1 at 2). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of

all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see Stump, 435 U.S. at 362 ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.").[4]

This lawsuit fits squarely within the doctrine of absolute judicial immunity. The plaintiff alleges no extrajudicial conduct by the defendant and no encounters with him other than in the courtroom. (See Doc. 1 at 1 ("Place of alleged violation of civil rights: Courtroom in County Courthouse")). Plaintiff seeks compensation from the defendant

---

[4] Judicial immunity is an affirmative defense.  Boyd v. Carroll, 624 F.2d 730,732–33 (5th Cir. 1980). It may, nevertheless, support dismissal for failure to state a claim on which relief may be granted, if the complaint itself establishes the defense. See Sibley, 437 F.3d at 1070 n. 2 ("We reject Sibley's argument that the failure to plead the affirmative defense of judicial immunity precludes dismissal, because dismissal is available, as in this case, when the defense is an obvious bar given the allegations"); see also LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009)("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), *opinion reinstated on rehearing en banc*, 764 F.2d 1400 (11th Cir. 1985)("The claim may be adequately stated ... but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating.").

judge for sentences that he imposed or modified and orders he entered or failed to enter, and for the decisions that he made regarding how and whether to proceed in a case pending before him.[5]  Finally, plaintiff's allegations of fact pertaining to her claims against Judge Hardwick arise solely from actions he took in his judicial capacity and from the plaintiff's encounters with him in his role as a judicial officer.

## CONCLUSION AND ORDER

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as plaintiff's claims for relief are barred by the defendant's absolute judicial immunity.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  The plaintiff may file any objections to this Recommendation on or before December 5, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's

---

[5] Because plaintiff seeks monetary damages only and does not seek to set aside the state court's judgment, the Rooker–Feldman doctrine does not bar this court's consideration of plaintiff's claims. See Sibley, 437 F.3d at 1070 n.3 ("Sibley does not ask us to fix an erroneous state court judgment, which we could not do, but rather to award $10 million against each state court judge who participated in his cases. This alignment of parties distinguishes this case from a case where review under the Rooker–Feldman doctrine would be appropriate.").

order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

DONE, on this the 21st day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge